**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Christopher M. Palermo

   v.                                        Civil No. 11-cv-337-JL

William Wrenn, Commissioner,
New Hampshire Department of
Corrections, et al.

**O R D E R**

Christopher Palermo has filed a complaint (doc. no. 1) and an addendum to the complaint (doc. no. 5),[1] pursuant to 42 U.S.C. § 1983, alleging that employees of the New Hampshire Department of Corrections violated his constitutional rights while he was incarcerated at the New Hampshire State Prison ("NHSP"). The matter is before the court for preliminary review to determine, inter alia, whether the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).

As explained fully in the report and recommendation issued simultaneously with this order, Palermo has stated claims upon which relief might be granted alleging that his rights under the

---

[1]The complaint and addendum, taken together, are construed to be the complaint in this matter for all purposes.

Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc, et seq., the Free Exercise Clause of the First Amendment, and the Equal Protection Clause of the Fourteenth Amendment, have been violated by NHSP Lt. Casico (first name unknown) and NHSP Chaplain James Daly.  The court now directs service of the complaint (doc. nos. 1 and 5) on defendants Casico and Daly.

Palermo has also stated a claim upon which relief might be granted alleging retaliation by three nurses who have not yet been identified by their full names in the complaint.  Palermo is directed to amend his complaint, within sixty days of the date of this order, to identify the nurses by their full names if he intends to proceed with the retaliation claim asserted against them.  Once the complaint is so amended, the court will direct service of the complaint on the named nurse defendants.

With respect to the RLUIPA, Free Exercise, and Equal Protection claims asserted against NHSP Lt. FNU Casico and James Daly, the Clerk's office is directed to serve the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement on Acceptance of Service, copies of this Order and the complaint (document nos. 1 and 5).  See LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit

2

an Acceptance of Service notice to the court specifying whether each defendant has authorized the AG's office to receive service on his or her behalf. When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period. If either Daly or Casico does not authorize the AG's office to receive service on his behalf, or the AG declines to represent any defendant, the AG shall, within thirty days from receipt of the aforementioned materials, provide to the court the last known address of that defendant.

Casico and Daly are instructed to answer or otherwise plead within twenty days of service. <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to the defendants or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: February 8, 2012

cc: Christopher M. Palermo, pro se

LBM:jba