UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher M. Palermo

    v.                                              Civil No. 11-cv-337-JL

William Wrenn, Commissioner,
New Hampshire Department of
Corrections, et al.

### O R D E R

Christopher Palermo has filed a motion for "clarification and response to state's request for denyal [sic] of plaintiff's objection" (doc. no. 18). The motion appears to request: (1) court-appointed counsel; and (2) an extension of time to file an objection to the report and recommendation (doc. no. 10) issued February 8, 2012. Palermo asserts, in support of these requests, that he is incarcerated in a jail with no law library, and he is thus unable to formulate a proper objection to the report and recommendation without the assistance of counsel.

**Extension of Time**

To the extent Palermo requests an extension of time the request is denied as moot. Palermo has, since filing the instant motion, filed an objection (doc. no. 22) to the report and recommendation.

**Appointment of Counsel**

Palermo requests court-appointed counsel to represent him in this matter. In support of this request, Palermo asserts that he is indigent, that he has no legal expertise, and that he is incarcerated in a jail which affords him no access to a law library.

There is no constitutional right to the appointment of counsel in a civil case in this court. See Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003). While the court has the discretion to appoint counsel in a particular case, it must do so "only if 'exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on [plaintiff's] due process rights.'" King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998) (quoting DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991)). To determine if "exceptional circumstances" warrant the appointment of counsel, "a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers, 949 F.2d at 24.

Palermo has not established exceptional circumstances warranting the appointment of counsel in this case. Palermo's indigence and lack of legal expertise are circumstances common

to most inmate litigants in this court. As to Palermo's assertion that he has no access to a law library, since the filing of this motion, Palermo has filed an objection to the February 8 report and recommendation containing legal argument and citing case law. It appears, therefore, that Palermo has gained access to a law library, or other resources, enabling him to conduct legal research. There is no reason set forth in the motion, or otherwise apparent at this time, to believe that Palermo will be unable to adequately represent himself in this matter. Accordingly, Palermo's request for appointed counsel is denied without prejudice to Palermo renewing his request should circumstances warrant.

    The motion for clarification (doc. no. 18) is DENIED.

    SO ORDERED.

                                                        _____
                                                        Landya B. McCafferty
                                                        United States Magistrate Judge

Date: May 8, 2012

cc: Christopher Palermo, pro se
    Brian W. Buonamano, Esq.