UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Christopher M. Palermo

   v.                                            Civil No. 11-cv-337-JL

James Daly


**REPORT AND RECOMMENDATION**

    Under the aegis of 42 U.S.C. § 1983, Christopher Palermo is suing James Daly. At all times relevant to this matter, Palermo was an inmate at the New Hampshire State Prison ("NHSP") and Daly was the prison's chaplain. Palermo asserts that Daly violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc through 2000cc-5, and two provisions of the United States Constitution, by denying him access to religious services, literature, objects, and diet. Before me for a report and recommendation is Daly's motion for summary judgment. He argues that he is entitled to judgment as a matter of law because Palermo has not properly exhausted the administrative remedies available to him at the NHSP. Palermo objects. For the reasons that follow, I recommend that Daly's motion for summary judgment be granted.

**Summary Judgment Standard**

"Summary judgment is warranted where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" McGair v. Am. Bankers Ins. Co. of Fla., 693 F.3d 94, 99 (1st Cir. 2012) (quoting Fed. R. Civ. P. 56(a); citing Rosciti v. Ins. Co. of Penn., 659 F.3d 92, 96 (1st Cir. 2011)). "In determining whether a genuine issue of material fact exists, [the court] construe[s] the evidence in the light most favorable to the non-moving party and make[s] all reasonable inferences in that party's favor." Markel Am. Ins. Co. v. Díaz-Santiago, 674 F.3d 21, 30 (1st Cir. 2011) (citing Flowers v. Fiore, 359 F.3d 24, 29 (1st Cir. 2004)).

"The object of summary judgment is to 'pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.'" Dávila v. Corp. de P.R. para la Diffusión Pública, 498 F.3d 9, 12 (1st Cir. 2007) (quoting Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 7 (1st Cir. 2004)). "[T]he court's task is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009) (citations and internal quotation marks omitted).

"The nonmovant may defeat a summary judgment motion by demonstrating, through submissions of evidentiary quality, that

a trialworthy issue persists." Sánchez-Rodríguez v. AT&T Mobility P.R., Inc., 673 F.3d 1, 9 (1st Cir. 2012) (quoting Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006)). That is, "the party seeking to avoid summary judgment must be able to point to specific, competent evidence to support his claim." Sánchez-Rodríguez, 673 F.3d at 9 (quoting Soto-Ocasio v. Fed. Ex. Corp., 150 F.3d 14, 18 (1st Cir. 1998)) (internal quotation marks omitted).

**Background**

Palermo is an adherent of the Ásatrú religion. His claims in this case arise from allegations that Daly prevented him from practicing his religion during a period of incarceration that began on April 11, 2011.

During Palermo's incarceration, inmate complaints at the NHSP were subject to a Policy and Procedure Directive that required inmates complaining about prison conditions to file: (1) a request slip that is directed to the appropriate staff member and is submitted "within 30 calendar days of the date on which the event complained of occurred," Def.'s Mot. Summ. J., Attach. 3 (doc. no. 37-3), at 3; (2) a grievance form that is "directed to the Warden of the facility in which the inmate is currently housed" and is "received within 30 calendar days from the date of the response to the request slip," id. at 4; and (3)

3

a grievance form that is directed to the Commissioner of the Department of Corrections and is received "within 30 calendar days of the date of the response by the Warden," id.

On the day he arrived at the NHSP, as a result of his transfer from an out-of-state correctional facility, Palermo filed requests slips with his unit manager, the Warden, and Daly, all seeking possession of religious property he had brought with him from his former institution. See Pl.'s Obj., Attach. 1 (doc. no. 38-1), at 1-3. Between April and October of 2011, Palermo submitted request slips pertaining to: (1) the return of his religious property, see id. at 4; (2) access to an Ásatrú diet, see id. at 6, 8; (3) establishment of an Ásatrú study group, see id. at 8; (4) access to Ásatrú literature, see id. at 9, 14, 15; (5) provision of Ásatrú feast meals, see id. at 10, 11, 12; and (6) access to Ásatrú religious services and/or counseling, see id. at 19.

In addition, the record includes grievance forms to which the Warden responded on: (1) June 8, 2011, see Def.'s Mot. Summ. J., Ex. C1 (doc. no. 37-5) (grieving denial of Ásatrú diet); (2) June 10, 2011, see id., Ex. C3 (doc. no. 37-7) (grieving prison's failure to return his prayer cloth); (3) September 13, 2011, see id., Ex. D1 (doc. no. 37-11), at 2 (grieving alleged assault by guard and sleeping conditions in Secure Psychiatric Unit ("SPU")); (4) September 16, 2011, see id., Ex. C4 (doc. no.

4

37-8) (grieving denial of Ásatrú diet and feast meals); and (5) October 12, 2011, see id. Ex. C5 (doc. no. 37-9) (grieving denial of Ásatrú diet, reading material, and religious objects); Ex. D3 (doc. no. 37-13), at 2 (grieving Warden's response to grievance about amount and temperature of food served in SPU and ineffective transmittal of grievance paperwork); Ex. D3 (doc. no. 37-13), at 3 (grieving lack of medical care). Finally, the record includes grievances to which the Commissioner responded on: (1) October 5, 2011, see id., Ex. D1 (doc. no. 37-11), at 1 (grieving alleged assault by guard and sleeping conditions in SPU); (2) October 18, 2011, see id., Ex. D2 (doc. no. 37-12) (grieving ineffective transmittal of grievance forms); and (3) October 31, 2011, see id., Ex. D3 (doc. no. 37-13) (grieving Warden's alleged failure to transmit grievance forms to the Commissioner).

Palermo filed the complaint that initiated this case on July 12, 2011. In it, he alleged that: (1) Lieutenant Paul Casico told him that "there was no such thing as Asatrú," Compl. (doc. no. 1), at 6; and (2) Daly denied his requests for a religious diet and religious literature, see id. Based upon my report and recommendation of February 8, 2012, this case initially consisted of: (1) a RLUIPA claim against Lt. Casico and Daly for "denying [Palermo] religious services, objects, literature, and diet," doc. no. 10, at 17; (2) a First Amendment

5

Free Exercise claim against Lt. Casico and Daly for the same conduct, see id. at 19; and (3) a Fourteenth Amendment Equal Protection claim against Lt. Casico for denying the existence of Ásatrú, see id. at 21, and against Daly for denying Palermo religious literature and a religious diet, see id. By order dated October 16, 2012, Judge Laplante approved my recommendation to grant Palermo's motion to dismiss his claims against Lt. Casico.

## Discussion

Daly now argues that he entitled to summary judgment because Palermo did not exhaust the administrative remedies available to him at the NHSP. Palermo objects, contending that he has, indeed, exhausted his administrative remedies. In support of that argument, he provides the following example:

> [O]n 7-31-11 plaintiff submitted a request to Chaplain Daly. Mr. Daly responded on 7-29-11. [Sic] On 8-2-11, plaintiff submitted a 1st level grievance to the Warden. The Warden responded on 9-16-11 and the plaintiff submitted his 2nd level grievance on 9-29-11. It is very clear that this grievance was a 2nd level appeal. However Warden Gerry intercepted it and answered it on 10-12-11. The plaintiff immediately filed another grievance on 10-14-11 concerning Mr. Gerry's interception, and the issue was answered by the Commissioner's right-hand man, Chris Kench, who responds to all correspondence directed to Mr. Wrenn.

Pl.'s Obj. (doc. no. 38), at 2-3 (punctuation, capitalization, and spelling corrected). The court notes that while Palermo contends that the Warden interfered with his attempt to file a

6

grievance with the Commissioner, he also appears to characterize the Warden's alleged interference as ultimately unsuccessful. That is, Palermo does not ask to be excused from the exhaustion requirement on grounds that the Warden's actions prevented him from filing a timely grievance with the Commissioner.

According to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Moreover, "the PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006).  Proper exhaustion "demands compliance with [a penal institution]'s deadlines and other critical procedural rules." Id. at 90.  To meet the requirement of proper exhaustion, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Acosta v. U.S. Marshals Serv., 445 F.3d 509, 512 (1st Cir. 2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002)). Claims that have not been exhausted are subject to dismissal. See Medina-Claudio v. Rodríguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002).

"[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007).  As such, it

"must be raised and proved by the defense." Cruz Berríos v. Gonzáles-Roserio, 630 F.3d 7, 11 (1st Cir. 2010) (citing Jones, 549 U.S. at 216). Moreover, the final determination of "[w]hether an inmate has [exhausted his administrative remedies] presents a question of law, although the answer may depend on disputed factual issues." Beltran v. O'Mara, 405 F. Supp. 2d 140, 149 (D.N.H. 2005) (citing Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)).

With respect to the timing of a prisoner's attempts to exhaust his or her administrative remedies, the PLRA is quite explicit, providing that "[n]o action shall be brought . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997d(a). As the court of appeals for this circuit has explained:

> This language clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement. Exhaustion subsequent to the filing of suit will not suffice. Cf. Booth [v. Churner], 532 U.S. [731,] 738 [(2001)] ("The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained.") (emphasis added).

Medina-Claudio, 292 F.3d at 36. To determine whether Palermo has satisfied the PLRA's exhaustion requirement with respect to the claims he asserts in this case, it is necessary to assess the status of his grievances on the day he filed suit.

8

As of July 12, 2011, Palermo had filed approximately six inmate request slips and had directed two grievances to the Warden. The Warden responded to those grievances on June 8 and June 10, which means that by July 12, the thirty-day window for appealing the Warden's responses to the Commissioner had closed. It is undisputed that as of July 12, Palermo had filed no grievances with the Commissioner. In other words, on the day he filed this action, Palermo had not taken any of his complaints through the full three-step NHSP grievance process. The earliest document Palermo has produced that could be construed as a grievance directed to the Commissioner is dated September 28, 2011,[1] see Pl.'s Obj., Attach. 1 (doc. no. 38-1), at 16, and the example of exhaustion he presents in his objection is based exclusively on events that took place after he filed this action.

The bottom line is this. At the time he filed this action, Palermo had not exhausted the administrative remedies available to him at the NHSP. As a result, Daly is entitled to dismissal of Palermo's claims against him. See Medina-Claudio, 292 F.3d at 36. One wrinkle remains.

---

[1] That grievance was responded to by the Warden rather than the Commissioner, but for the purpose of ruling on Daly's motion for summary judgment only, the court will credit Palermo's assertion that his September 29 filing was actually intended for the Commissioner and was intercepted by the Warden.

9

Daly asks the court to dismiss Palermo's claims with prejudice. The court of appeals for the second circuit has held that "dismissal with prejudice, when remedies are no longer available, is required 'in the absence of any justification for not pursuing [such] remedies.'" Giano v. Goord, 380 F.3d 670, 675 (2d Cir. 2004) (quoting Berry v. Kerik, 366 F.3d 85, 87-88 (2d Cir. 2004); citing Rodriguez v. Westchester Cnty. Jail Corr. Dep't, 372 F.3d 485, 487 (2d Cir. 2004)); see also Barbosa-Orona v. Flores-Dasta, 843 F. Supp. 2d 230, 236 (D.P.R. 2012) (dismissing with prejudice prisoner's section 1983 claim when prisoner had failed to exhaust administrative remedies). Here, the time for grieving any of the incidents underlying Palermo's claims has long passed, and Palermo has advanced no justification for failing to exhaust his administrative remedies before he filed suit. Accordingly, dismissal with prejudice is warranted. However, Palermo is not precluded from bringing other RLUIPA or constitutional claims based on allegations that he has been prevented from practicing his religion, so long as any such claims are based upon facts different from those underlying the claims in this case, and Palermo has exhausted his administrative remedies with respect to those factual predicates.

**Conclusion**

For the reasons detailed above, I recommend that Daly's motion for summary judgment, document no. 37, be granted, and that Palermo's claims be dismissed with prejudice.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

February 6, 2013

cc:  Christopher M. Palermo, pro se
     Brian W. Buonamano, Esq.